UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

REPORT AND RECOMMENDATION

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

Arthur Schuyler Ross,

        Plaintiff,

   vs.

L. Felstead (SIS Lt.),
R. Chavez (Warden),
J. Peterson (Unit Mgr.),
M. McDonald (Case Mgr.),
G. King (Counselor) -- FPC Duluth,
S. Pedersen (DHO),
T. Kilsdonk (Unit Mgr.),
J. Linden (Case Mgr.) -- FCI Sandstone,
and Multiple other currently Unknown
Agents of the Bureau of Prisons,

        Defendants.               Civ. No. 04-2695 (PAM/RLE)

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

This matter came before the undersigned United States Magistrate Judge upon the routine supervision of cases filed in this Division, and upon an assignment made in accordance with Title 28 U.S.C. §636(b)(1)(B). At the time that the Plaintiff commenced this action, by filing a Complaint with the Clerk of Court, on May 17,

2004, he was incarcerated at the Federal Prison Camp, in Leavenworth, Kansas. Although the Plaintiff paid the entire $150.00 filing fee, at the commencement of the litigation, he later filed a Motion for Leave to Proceed in forma pauperis. See, Title 28 U.S.C. §1915. In an Order dated June 25, 2004, we denied the Plaintiff's application, as moot, and we subsequently denied the Plaintiff's letter requests for reconsideration and vacatur of our earlier Order, on October 7, 2004. See, Docket Nos. 5 and 9. A Summons subsequently issued, and on January 27, 2005, Returns of Service were filed, which revealed that all of the Defendants, with the exception of J. Linden, and J. Peterson, were served with the Summons and Complaint on dates ranging from December 7, 2004, through December 18, 2004. In the ensuing weeks, no Answers to the Plaintiffs' Complaint, or other responsive pleadings, were filed on behalf of any of the Defendants, nor did they seek to have the Complaint dismissed, pursuant to Rule 12(b), Federal Rules of Civil Procedure.

Subsequently, because our review of the file demonstrated that, despite proper service on all of the Defendants with the exception of J. Linden and J. Peterson, none of the Defendants had responded to the Plaintiff's allegations, whether by means of an Answer, by some other responsive pleading, or by a Rule 12(b) Motion to Dismiss,

on May 12, 2005, we issued an Order which directed the Plaintiff to proceed as follows:

> 1. Notify the Defendants immediately that they are required to serve and file an Answer or some other responsive pleading, or to move for an extension of time to do so, and that an application for entry of default is required within 10 days of such notification if no response is filed;
>
> 2. File an application for entry of default unless the required pleadings are filed within 10 days of the referenced notification; or
>
> 3. Advise the Court in writing of any good cause to the contrary.

The Plaintiff was further admonished that the failure to comply with these directives, within 20 days of the date of the Order -- that is, by June 2, 2005 -- could result in the case being dismissed for lack of prosecution. However, notwithstanding its clear directives, the Plaintiff has failed to abide by the terms of our Order of May 12, 2005. The Record lacks any indication that the Plaintiff has advised any of the Defendants, upon which service was returned executed, of their need to file appropriate documentation which complies with the terms of our Order; no such documentation has been filed by those Defendants; no resulting application for entry of default has been filed by the Plaintiff; and the Court has not been advised of any extraordinary

circumstances which would render compliance with the Court's Order either impracticable or otherwise unnecessary.

Consequently, because of the Plaintiff's failure to adhere to the directives contained within our Order of May 12, 2005, we are bound to recommend the dismissal of the Plaintiffs' Complaint at this time, as to L. Felstad, R. Chavez, M. McDonald, G. King, S. Pederson, and T. Kilsdonk, for lack of prosecution.

Moreover, we also recommend that the Plaintiff's Complaint as to J. Linden and J. Peterson be dismissed. On January 6, 2005, we issued an Order appraising the Plaintiff of his obligation to properly serve each of the named Defendants within one hundred and twenty (120) days of the commencement of an action, as is required by Rule 4, Federal Rules of Civil Procedure. We also directed him to show good cause, in writing, within twenty (20) days of the date of that Order, for an extension of time in which service could be effectuated, and warned that the failure to abide by that direction could result in the case being dismissed, for lack of prosecution.

Subsequently, the Plaintiff informed the Court that, while he had served many of the named Defendants, he was unable to effectuate service on J. Linden or J. Peterson. As a result, the Plaintiff requested that we direct the Government to provide the addresses of those two individuals, or to allow the Government to accept service

on their behalf. In our Order of May, 12, 2005, we denied the Plaintiff's request, noting that the Plaintiff had failed to make a showing that the Federal Prison Camp, in Duluth, Minnesota would not accept service on behalf of those two Defendants, or that their addresses could not be obtained without Court intervention. However, we denied the Plaintiff's request without prejudice, in order to afford him an opportunity to provide competent evidence establishing that service had not, and could not be effectuated.

Since our Order of May 12, 2005, no further submissions have been made by the Plaintiff, or on his behalf, which would establish good cause for an extension of time, in which to serve the Defendants J. Linden and J. Peterson, and the Plaintiff has failed to provide any Record of Service as to those two Defendants. Thus, since we have previously warned the Plaintiff of the potential consequences for his failure to timely serve the Defendants, and to abide by the Orders of this Court, we recommend that this action be dismissed, as to J. Linden and J. Peterson, for failure to comply with this Court's Order of January 6, 2005, for failure to effect proper service, and for lack of prosecution.

NOW, THEREFORE, It is --

RECOMMENDED:

That the Plaintiffs' Complaint be dismissed as to all of the named Defendants, without prejudice, both for failure to comply with the terms of our Orders of January 6, 2005, and May 12, 2005, and for lack of prosecution.

Dated: June 15, 2005                   *s/Raymond L. Erickson*

                                                   Raymond L. Erickson
                                                   UNITED STATES MAGISTRATE JUDGE

**NOTICE**

Pursuant to Rule 6(a), Federal Rules of Civil Procedure, D. Minn. LR1.1(f), and D. Minn. LR72.1(c)(2), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties **by no later than July 1, 2005,** a writing which specifically identifies those portions of the Report to which objections are made and the bases of those objections.  Failure to comply with this procedure shall operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.

If the consideration of the objections requires a review of a transcript of a Hearing, then the party making the objections shall timely order and file a complete transcript of that Hearing **by no later than July 1, 2005,** unless all interested parties stipulate that the District Court is not required by Title 28 U.S.C. §636 to review the transcript in order to resolve all of the objections made.