UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Arthur Schuyler Ross,                                          Civ. File No. 04-2695 (PAM/RLE)

Plaintiff,

v.                                                            **MEMORANDUM AND ORDER**

L. Felstead (SIS Lt.), R. Chavez (Warden),
J. Peterson (Unit Mgr.), M. McDonald
(Case Mgr.), G. King (Counselor –
FPC Duluth), S. Pederson (DHO), T. Kilsdonk
 (Unit Mgr.), J. Linden (Case Mgr. –
FCI Sandstone), and Multiple other
currently Unknown Agents of the Bureau
of Prisons,

Defendants.

---

This matter is before the Court on Plaintiff Arthur Schuyler Ross's objection to

Magistrate Judge Erickson's Report and Recommendation ("R&R") dated June 15, 2005.   In

the R&R, Magistrate Judge Erickson recommends that the Complaint be dismissed without

prejudice for failure to comply with the Court's orders and for lack of prosecution.   (See Clerk

Doc. No. 18.)   The Court has conducted a de novo review of the record.   See 28 U.S.C. §

636(b)(1); D. Minn. Local R. 72.1(c).   Based on a review of the record and Plaintiff's

submissions, the Court adopts the R&R in part and overrules the R&R in part.

On May 17, 2004, Plaintiff commenced this civil rights action pursuant to Bivens v. Six

Unknown Agents, 403 U.S. 388 (1971), and 28 U.S.C. § 1331.   At that time, Plaintiff was

incarcerated at the Federal Prison Camp in Leavenworth, Kansas.   He has since been released

and is living in a half-way house in Illinois.

Plaintiff failed to immediately serve Defendants. Consequently, on January 6, 2005, Magistrate Judge Erickson ordered Plaintiff to show good cause for an extension of time in which service could be effectuated. On January 27, 2005, returns of service were filed that revealed that all of the named Defendants, with the exception of J. Linden and J. Peterson,[1] were served with the Summons and the Complaint. No Defendant has subsequently filed an Answer or any responsive pleading.

Because no Defendant had responded to Plaintiff's allegations, Magistrate Judge Erickson issued an Order on May 12, 2005, which directed Plaintiff to proceed as follows:

1. Notify the Defendants immediately that they are required to serve and file an Answer or some other responsive pleading, or to move for an extension of time to do so, and that an application for entry of default is required within 10 days of such notification if no response is filed;

2. File an application for entry of default unless the required pleadings are filed within 10 days of the referenced notification; or

3. Advise the Court in writing of any good cause to the contrary.

(Clerk Doc. No. 17). Magistrate Judge Erickson warned Plaintiff that failure to comply with these directives could result in the case being dismissed for lack of prosecution. (See id.) However, notwithstanding the clear directives from the Court, Plaintiff failed to follow the

---

[1]Apparently, Defendants J. Linden and J. Peterson have not been served properly. (See Clerk Doc. Nos. 14-15, 17-18.) Plaintiff has not objected to this conclusion. However, Plaintiff seems to refer to the unserved Defendants as S. Pederson and J. Peterson. (See id. Nos. 19-1 and 19-2). The Court finds that Defendants J. Linden and J. Peterson have not been properly served.

Order within the time provided.

Consequently, Magistrate Judge Erickson recommends that the Complaint as to Defendants L. Felstead, R. Chavez, M. McDonald, G. Kind, S. Pederson, and T. Kilsdonk be dismissed for lack of prosecution.   (See id.)   Magistrate Judge Erickson also recommends that the Complaint as to Defendants J. Linden and J. Peterson be dismissed for failure to comply with a court order, failure to effect proper service, and lack of prosecution. (See id.)

Plaintiff objects and requests that the Court not follow the R&R because Plaintiff's delay in following the May 2005 Order was the result of excusable neglect.   (See id. No. 19.) Plaintiff contends that his delay is due to the fact that he is currently living in a half-way house under the terms of his release from federal prison and lacks adequate resources to quickly effectuate service.   Plaintiff further contends that he has since provided notice to the non-answering Defendants pursuant to the May 2005 Order.   Plaintiff asserts that his delay has not prejudiced Defendants because they have so far failed to defend this action.

The Court adopts the R&R insofar as it recommends the dismissal of the Complaint as to Defendants J. Linden and J. Peterson.   On January 6, 2005, the Court issued an Order apprizing Plaintiff of his obligation to properly serve each of the named Defendants within one hundred and twenty days of the commencement of an action in accordance with Federal Rule of Civil Procedure 4, and that failure to do so could result in the dismissal of his claims.   (See id. No. 12.)   Plaintiff subsequently served all of the named Defendants with the exception of J. Linden and J. Peterson.   Plaintiff then requested that the Court direct the Government to provide the addresses of those two Defendants or to allow the Government to accept service

on their behalf. The Court denied Plaintiff's request but allowed him to renew the request upon a "competent showing that service has not been, and cannot be, effectuated." (See id. No 17.) Since this Order, Plaintiff has made no specific showing that service has been refused or that these Defendants' addresses cannot be ascertained without Court intervention. The Court has warned Plaintiff that his claims would be dismissed if Defendants were not properly served and so this action, as to J. Linden and J. Peterson, is dismissed without prejudice.

Although the Court is cognizant of the fact that Plaintiff has failed to comply with its Order in a timely manner, it will nonetheless grant Plaintiff a final extension so that Plaintiff can notify the non-answering Defendants, with the exception of J. Linden and J. Peterson, that they must respond to the Complaint or risk default judgment. The Court warns Plaintiff that failure to comply with this Order will result in dismissal.

The Court recognizes that Plaintiff's transition from prison to the half-way house has made it more difficult for him to effectively prosecute this lawsuit. Plaintiff resides in Illinois and is employing a friend who lives in Wisconsin to serve Defendants in Minnesota, Oklahoma, and Puerto Rico. Moreover, Plaintiff's delay has not prejudiced these Defendants who have so far chosen not to defend this action in any way. The Court strenuously reminds Defendants that failure to plead or otherwise defend this lawsuit will result in a judgment by default. See Fed. R. Civ. P. 55. The Court expects that Defendants will provide a responsive pleading to this Complaint.

As the statute requires, the Court has conducted a de novo review of the record regarding the R&R. See 28 U.S.C. § 636(b)(1); D. Minn Local R. 72.1(c). Based on that

review and the submission by Plaintiff, the Court concludes that the Magistrate Judge correctly

determined that the Complaint be dismissed as to Defendants J. Linden and J. Peterson.

However, the Court overrules the R&R as to the remaining named Defendants.   Therefore, the

Court **ADOPTS** the R&R in part and **OVERRULES** the R&R in part.

Accordingly, **IT IS HEREBY ORDERED** that:

1.      Plaintiff's Complaint as to Defendants J. Linden and J. Peterson is **DISMISSED**

**without prejudice** for failure to comply with this Court's January 6, 2005,

Order and failure to effect proper service;

2.      Plaintiff shall notify the remaining Defendants by September 1, 2005, that they

are required to serve and file their Answer or some other responsive pleading,

or to move for an extension of time to do so, and that an application for entry

of default is required within ten days of such notification if no response is filed;

3.      Plaintiff shall include a copy of this Order with his notice to Defendants;

4.      Plaintiff shall file an application for entry of default unless the required

pleadings are filed within ten days of the referenced notification; or

5.      Advise the Court in writing of any good cause to the contrary.

Dated: August 2, 2005

s/ Paul A. Magnuson
Paul A. Magnuson
United States District Court Judge