UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Arthur Schuyler Ross, | Civil No. 04-2695 (PAM/RLE) |
| Plaintiff, | |
| v. | **MEMORANDUM AND ORDER** |
| L. Felstead (SIS Lt.); R. Chavez (Warden); M. McDonald (Case Mgr); G. King (Counselor) – FPC Duluth; DHO S. Pedersen; T. Kilsdonk (Unit Mgr); and Multiple other currently Unknown Agents of the Bureau of Prisons; | |
| Defendants. | |

This matter is before the Court on Plaintiff's Objections to the Report and Recommendation ("R&R") of Chief United States Magistrate Judge Raymond L. Erickson dated August 14, 2006. For the reasons that follow, the Court adopts the R&R and overrules the Objections.

**BACKGROUND**

On May 17, 2004, Plaintiff commenced this civil rights action pursuant to Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971). At that time, he was a prisoner at the Federal Prison Camp in Leavenworth, Kansas ("FPC-Leavenworth"). He is suing various prison officials for alleged constitutional violations.

Plaintiff failed to serve Defendants with the Summons and Complaint, and on January 6, 2005, the Magistrate Judge ordered Plaintiff to show good cause for an extension of time

to effectuate service. By January 27, 2005, Plaintiff purportedly served all but two Defendants, but no Defendant filed an answer or responsive pleading. On May 12, 2005, the Magistrate Judge directed Plaintiff to notify Defendants that they were required to respond to the Complaint, or Plaintiff would risk dismissal for failure to prosecute. Plaintiff did not notify Defendants, and the Magistrate Judge recommended dismissing the case. On August 2, 2005, this Court instructed Plaintiff to notify Defendants by September 1, 2005 of their obligation to respond to the Complaint and to provide them with a copy of the relevant order, or his case would be dismissed. In the order, the Court emphasized to Defendants that their subsequent failure to plead or otherwise defend would result in a judgment by default against them. On August 16, 2005, Defendants moved for an extension of time to answer on the ground that Plaintiff failed to properly serve them or provide waiver of service forms. The Magistrate Judge denied the motion without ruling on the adequacy of service of process. Noting that Defendants could assert a defense based on ineffective service of process, the Magistrate Judge declined to indefinitely suspend the litigation while Defendants awaited operative service.

On September 12, 2005, Plaintiff requested an extension of time in which to notify Defendants of their obligation to answer or otherwise respond to the Complaint, and the Magistrate Judge set a new deadline of October 1, 2005. The Magistrate Judge further instructed Plaintiff that he could request an entry of default if Defendants failed to answer or otherwise respond within ten days of being notified. Plaintiff faxed a document entitled "Combined-Answer, Motion for a Default Judgment Against Served Defendants, A Request

for Proceedings To Determine Damages And An Affidavit in Support of Default" to the Office of the United States Attorney on September 29, 2005. Four days later, on October 3, 2005, Defendants timely filed a Motion to Dismiss or in the Alternative for Summary Judgment. Defendants seek a disposition on the merits without waiving their improper service defense. Plaintiff moved for default judgment on October 31, 2005.

The R&R recommended dismissing the case because Plaintiff did not exhaust his administrative remedies with respect to all of his claims. The R&R also recommended denying Plaintiff's Motion for Default Judgment. In his Objections to the R&R, Plaintiff submits that he exhausted his administrative remedies and that default judgment is warranted.

**DISCUSSION**

The Court has conducted a de novo review of the record. See 28 U.S.C. § 636(b)(1); D. Minn. LR 72.2(b). Based on that review and Plaintiff's submissions, the Court overrules the Objections and adopts the R&R.

The record is clear that Plaintiff failed to exhaust his administrative remedies with respect to some of his claims. Plaintiff filed no grievances with respect to Defendants Chavez, McDonald, King, or Kilsdonk, or regarding his claims of conspiracy or illegal arrest. Plaintiff exhausted only his individual capacity claims against Defendants Felstead and Pedersen. When multiple prison claims are joined, a plaintiff must exhaust all administrative remedies before bringing suit. See Graves v. Norris, 218 F.3d 884, 885 (8th Cir. 2000) (per curiam); see also Lyon v. Vande Krol, 305 F.3d 806, 808 (8th Cir. 2002) (citing Booth v. Churner, 532 U.S. 731, 733-34 (2001)). Accordingly, the Objection pertaining to exhaustion

is overruled, and the Complaint is dismissed without prejudice for failure to exhaust administrative remedies.

As a second Objection, Plaintiff maintains that default judgment should be entered against Defendants. The procedural history of this case is convoluted, given Plaintiff's repeated deficiencies with service of process and court-ordered notification procedures. However, there is no basis for default judgment. Once Plaintiff notified Defendants of their obligation to respond or otherwise defend, Defendants timely responded by filing the Motion to Dismiss. Moreover, the record indicates that Plaintiff has never properly served Defendants, and consequently, default judgment cannot be entered against them. Plaintiff's second Objection is also overruled.

**CONCLUSION**

Plaintiff has not exhausted all of his administrative remedies, and there is no basis for an entry of default against Defendants. Accordingly, **IT IS HEREBY ORDERED** that:

1. Defendants' Motion to Dismiss or in the Alternative for Summary Judgment (Docket No. 32) is **GRANTED as to dismissal**;

2. Plaintiff's Motion for Default Judgment, Discovery, and Scheduling of a Court Proceeding to Determine Damages (Docket No. 43) is **DENIED**;

3. The R&R (Docket No. 47) is **ADOPTED**;

4. Plaintiff's Objections to the R&R (Docket No. 48) are **OVERRULED**; and

5. This case is **DISMISSED without prejudice**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: <u>September 19, 2006</u>

<u>s/ Paul A. Magnuson</u>
Paul A. Magnuson
United States District Court Judge